| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |

| | |
|---|---|
| Matthew Reimann, | Case Type: Personal Injury<br>Court File No.: |
| Plaintiff, | |
| v. | **SUMMONS** |
| Menard, Inc., a Wisconsin Corporation, and Clopay Corporation, | |
| Defendants, | |

**THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT.**

    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

    **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Tewksbury & Kerfeld, P.A., 88 South Tenth Street, Suite 300, Minneapolis, MN 55403.

    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

**LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

**ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

TEWKSBURY & KERFELD, P.A.

Dated: 11/9/21

By_____
Keith J. Kerfeld       (#143066)
Patrick M. Conlin     (#0172467)
Attorney for Plaintiff
88 South Tenth Street, Suite 300
Minneapolis, MN 55403
(612) 334-3399
kkerfeld@tkz.com / pconlin@tkz.com

*Attorney for Plaintiff Matthew Reimann*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |

| | |
|---|---|
| Matthew Reimann, | Case Type: Personal Injury |
| Plaintiff, | |
| V. | **COMPLAINT** |
| Menard, Inc., a Wisconsin corporation and Clopay Corporation, | |
| Defendants. | |

Plaintiff Matthew Reimann, for his Complaint against Defendants, states and alleges as follows:

## PARTIES

1. That Defendant Menard, Inc. (hereafter "Menards"), is a Wisconsin corporation licensed to do business in the State of Minnesota, and in fact doing business in Minnesota, and owns and operates a store located at Elk River, Sherburne County, Minnesota.

2. That Defendant Clopay Corporation who trademarks Ideal Door (hereafter "Clopay") is an Ohio corporation license to do business in the State of Minnesota, and in fact doing business in Minnesota, and it has corporate headquarters located in Ohio.

3. That Plaintiff, Matthew Reimann (hereafter "Mr. Reimann") resides 17025 Rabbit Street, Northwest, Ramsey, Anoka County, Minnesota 55303.

4. Upon information and belief, Plaintiff purchased a kit for a garage door from Menards. The garage door was manufactured by a company called Ideal Door. The parts were delivered by Menards to Plaintiff at his property.

5.  Pursuant to Minn. Stat. §542.095, venue is proper in Anoka County because it is the County where this action arose.

6.  That on or about November 22, 2019, Mr. Reimann was installing said garage door kit on his pole barn located on his property at: 17025 Rabbit Street Northwest, Ramsey, Minnesota 55303.

7.  That while installing the garage door kit, Mr. Reimann was injured as a result of an improperly sized garage spring connected to the tension bar. The garage spring created unnecessary force causing excessive tension which caused permanent and disabling injuries to Mr. Reimann.

## COUNT I – NEGLIGENCE

Plaintiff re-alleges and incorporates by references from proceeding paragraphs as fully rewritten herein.

8.  As the retail seller, Defendant Menards was responsible for proper inspection, packaging, and delivery of the product to Plaintiff. That Mr. Reimann was injured as a result of the garage door spring with the wrong specification and dimensions provided by Defendant Menards.

9.  That Defendant Menards was negligent in failing to use reasonable care to inspect, package, and warn of a dangerous condition due to the improper spring selection and packaging.

10.  As a direct result of said incident and injuries Mr. Reimann has suffered permanent and disabling injuries, past and future medical expense, and resulting loss of income and future earning capacity.

## COUNT II – PRODUCTS LIABILTY

Plaintiff incorporates by reference all proceeding paragraphs as if fully rewritten herein.

11. Defendant Clopay is the manufacturer and seller of a product identified as: Ideal Garage Door MDP38 and said product was sold in retail to the public in Sherburne County, State of Minnesota.

12. On or about October 31, 2018, Plaintiff purchased said product (Product SKU # 4003518), and on or about November 22, 2019, Plaintiff was severely injured by said product.

13. That the subject garage door spring in the kit provided to Plaintiff was of the wrong specification and dimension for its intended purpose.

14. That said product was in a defective condition and unreasonably dangerous because it was improperly packaged and manufactured by Defendant Clopay.

15. That said defective condition caused by the improper manufacturer and sale was a direct cause of Plaintiff's injuries and damage.

16. That Defendant Clopay was negligent in manufacturing and or packaging of the product.

17. That Defendant Clopay was a direct cause of Plaintiff's injuries and damage.

18. That Defendant's design of said product resulted in a product that was in a defective condition and unreasonably dangerous to Plaintiff.

19. That said defective design was a direct cause of Plaintiff's injuries and damage.

3

20. That said product was in a defective condition unreasonably dangerous to Plaintiff because the Defendant failed to provide adequate warnings and instructions for its use or non-use by Plaintiff.

21. That Defendants failure to warn and instruct were a direct cause of Plaintiff's injuries and damage.

22. That Defendants represented to Plaintiff that its product was safe for its intended use.

23. That said representation was not true, but Plaintiff relied upon it and was justified in doing so.

24. That said false representation was a direct cause of Plaintiff's injuries and damage.

25. That Defendant Clopay expressly warranted to Plaintiff that said product was safe for use.

26. That Defendant Clopay breached said express warranty.

27. That Defendant Clopay's breach of its express warranty was a direct cause in Plaintiff's injuries and damage.

28. That Defendant Clopay's product contained an implied warranty to Plaintiff that it was fit for a particular purpose.

29. That Defendant Clopay breached said implied warranty.

30. That Defendant Clopay's breach of its implied warranty was a direct cause of Plaintiff's injuries and damage.

31. As a direct result of Defendants carelessness and negligence of both Defendants, Menards and Clopay, Plaintiff did suffer severe, permanent, painful and

and disabling injuries to his body and mind, namely a fractured hip, femur, and other injuries; that he has suffered permanent injuries and has in the past and will in the future, incur medical expenses to treat said injuries sustained; that he has in the past and will in the future, incur wage loss and diminution in earning capacity; he has in the past and will in the future experienced, pain, disability, embarrassment and emotional distress.

WHEREFORE, Plaintiff Matthew Reimann prays for relief as follows:

1. For damages in an amount in excess of $50,000;
2. For costs, disbursements and prejudgment interest;
3. For such relief as the Court may deem just and equitable.

TEWKSBURY & KERFELD, P.A.

Dated: 11/9/21         By _____
                            Keith J. Kerfeld      (#143066)
                            Patrick M. Conlin     (#0172467)
                            Attorney for Plaintiff
                            88 South Tenth Street, Suite 300
                            Minneapolis, MN 55403
                            (612) 334-3399
                            kkerfeld@tkz.com / pconlin@tkz.com

**Attorneys for Plaintiff Matthew Reimann**

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, subd. 1, to the party against whom the allegations in this pleading are asserted.

Dated: 11/9/21         By: _____
                            Patrick M. Conlin      (#0172467)

5